UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            |
                                            |
ERIC MCMURTRY #373048,                      |   Case No. 1:06-cv-2
                                            |
    Petitioner,                             |   HONORABLE PAUL L. MALONEY
                                            |
    v.                                      |   Magistrate Judge Joseph G. Scoville
                                            |
MARY BERGHUIS,                              |
                                            |
    Respondent.                             |
                                            |
_____

## **OPINION and ORDER**

**Overruling the Plaintiff's Objections and Adopting the R&R;
Dismissing the Habeas Petition as Procedurally Defaulted and Meritless;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), Eric McMurtry's petition for a writ of habeas corpus was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued an exhaustively thorough and well-reasoned 62-page Report and Recommendation ("R&R") on Tuesday, March 17, 2009. Plaintiff filed timely objections dated March 30 and e-filed by his counsel on Tuesday, March 31, 2009.[1] The court determines, however,

---

[1] After being served with an R&R, parties have ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The ten days did not start until the day after the parties were served, and weekends and federal holidays are excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when

that McMurtry has not carried his burden of articulating specific objections and supporting them with reasoned argument which cites relevant legal authority and explains how it shows a deficiency in the R&R's reasoning.[2]

---

calculating a time period shorter than eleven days, the court must exclude weekends and holidays)).

[2]

"'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

*See, e.g., Fairfield v. Wacha*, 2008 WL 584940, *2 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) ("Fairfield's objection does not cite any case law or any Constitutional, statutory or regulatory provisions, and he does not attempt to *substantively* address any of the Magistrate Judge's legal reasoning or conclusions. [T]hese failings render Fairfield's purported objection the same as no objection at all.") (citing, *Wallace v. Adams*, 51 F.3d 274, 1995 WL 141385 (6th Cir. Mar. 24, 1995) (p.c.) and *Bates v. Chapleau*, 37 F.3d 1498, 1994 WL 532937 (6th Cir. Sept. 30, 1994) (p.c.));

**When a party merely purports to incorporate by reference arguments, evidence or legal authorities presented in prior filings, he has lodged an unavailing general objection.** *See Smith v. Konteh*, 2009 WL ___, *___ (W.D. Mich. Mar. 19, 2009) (habeas corpus petitioner failed to satisfy the requirement of a specific and supported objection by stating, "Petitioner respectfully objects to all the magistrate['s] proposed findings on the grounds previously stated in petitioner's original . . . and . . . amended habeas corpus petition . . . .") (citing *Miller v. Palmer*, 2008 WL 4457838, *2 (E.D. Mich. Sept. 30, 2008) ("An objecting party may not simply 'incorporate by reference' earlier pleadings; similarly[,] merely reproducing an earlier unsuccessful motion . . . is not a sufficient objection to the magistrate judge's analysis, and will ordinarily be treated by the court as an unavailing general objection.") (citing *Howard v. HHS*, 932 F.2d 505, 508 (6th Cir. 1991)), *recon. denied*, 2008 WL 5102254 (E.D. Mich. Dec. 1, 2008));

*Foster v. Ameriquest Mortgage*, 2009 WL 646420, *2 (E.D. Mich. Mar. 11, 2009) (adopting R&R without review, noting, "Plaintiff does not list specific objections . . . . Instead, Plaintiff merely attempts to reassert his claims for relief. * * * 'Overly general objections do not satisfy the objection requirement.'") (quoting *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006));

*Accord US v. Hinman*, 2005 WL 958395, *2 (N.D. Iowa Apr. 22, 2005) ("The parties are cautioned that they must file new objections to this Report and Recommendation. They may not incorporate their previous objections by reference."), *R&R adopted sub nom. US v. Dose*, 2005 WL 1806414 (N.D. Iowa July 28, 2005).

**First, McMurtry takes issue with the Magistrate Judge's suggestion that the Michigan Court of Appeals did not commit AEDPA error by ruling that (1) the trial court's erroneous admission of a reference to Weldon Mosby's statement was a Sixth Amendment Confrontation Clause violation, but constituted harmless error**, *see* R&R at 48-51, and **(2) McMurtry's trial counsel did not render constitutionally ineffective assistance by failing to be more prepared, vigorous and effective in pressing that issue**, *see* R&R at 51-52.

But McMurtry fails to cite any decisions of the United States Supreme Court and show specifically how and why the Michigan Court of Appeals's ruling on this score either was an objectively unreasonable application of, or was contrary to, that Supreme Court decision, as AEDPA requires before a federal court may grant habeas relief. Instead, McMurtry's restates and summarizes some of his arguments, without actually identifying the Supreme Court decision(s) that the state court of appeals supposedly flouted. McMurtry's objection on this issue – interspersed with purported objections on other issues – reads, in its entirety:

> 1) Petitioner's main argument for habeas is that he is entitled to a new trial without any reference to the statement of Weldon Mosby. Specifically, Petitioner claims that the Court of Appeals correctly ruled that the trial court erred when it allowed admission of Weldon Mosby's statement. However, Petitioner contends that the court of appeals['] decision that this error was harmless was an unreasonable application of US Supreme Court precedent and that had his trial and appellate counsel been effective in discrediting the testimony of Jerome Gass he probably would have been acquitted or, at the very least, the court of appeals would not have held that a reasonable jury would have found the Defendant guilty on just the testimony of Petitioner and Gass. Furthermore, Petitioner contends that had appellate counsel been effective in forwarding the court of appeals decision to Petitioner, the court of appeals would have been reversed by the Michigan Supreme Court. The Magistrate recommends that this court reject these arguments because they are procedurally barred and because they lack merit.

Petitioner's Objections at 1-2. McMurtry does specifically assert that the Magistrate Judge erred

in relying on *Wainwright v. Torna*, 455 U.S. 586 (1982) "for the proposition that since Petitioner was not entitled to appointed counsel for leave to appeal to the Michigan Supreme Court he cannot argue that appellate counsel was ineffective for failing to file a leave application within 56 days." Petitioner's Objections at 2. McMurtry clarifies,

> This is not Petitioner's argument. Petitioner argues that because he is an uneducated man who was imprisoned[,] he was constitutionally entitled to adequate instructions as to his deadline for filing for leave within a reasonable time to allow him to get his paperwork in order and have it copied in the prison and mailed. It must be remembered that the 56 day deadline cannot be extended for any reason and this is a life sentence without parole case.

Petitioner's Objections at 2. McMurtry may or may not have a sound argument that some provision of the U.S. Constitution should be read to guarantee such instructions and assistance to incarcerated people. The court intimates no opinion on that score. But under AEDPA, McMurtry has the burden of identifying some *U.S. Supreme Court holding* which the Michigan Court of Appeals objectively unreasonably applied, or ruled contrary to, by failing to hold that McMurtry was entitled to such assistance and that the absence of such assistance excuses his procedural default of these six grounds for habeas relief.

McMurtry goes on to explain why his state appellate counsel was negligent in failing to ascertain his correct address and forward him the Michigan Court of Appeals' opinion in a much more timely fashion:

> As set forth more thoroughly with appendix support in Petitioner's habeas brief, Petitioner's [Michigan Court of Appeals] opinion was delayed several weeks because it was first sent to the wrong prison. Because of the very short time period for an inmate to file his application [for discretionary review by the Michigan Supreme Court], this error in and of itself is negligent. This is especially true in light of the fact that an inmate's location is easily discernable and should always be checked before mailing a closing letter to a client, particularly a client with a life sentence. * * * Petitioner was never informed of the due date for the application. Instead, he was actually told by appellate counsel that appellate counsel was inquiring with the

>   judge as to whether he himself could be appointed to file the application. Thus, not only was Petitioner's closing letter late, it was lacking the necessary information and misleading. It is due to these facts that Petitioner distinguishes his case from the *Torna* case and contends that the Magistrate's recommendation as to procedural default is erroneous.

Petitioner's Objections at 2-3. This argument, however, is immaterial, to the extent that it bears on whether McMurtry's state appellate counsel was deficient (and constitutionally ineffective) for his apparent mishandling of the Michigan Court of Appeals' opinion and McMurtry's resultant inability to timely seek review from the Michigan Supreme Court – the very argument that McMurtry disclaimed and abandoned just a page earlier.

Finally on this issue, McMurtry does nothing to undermine the R&R's correct statements that (1) while there is a constitutional right to counsel on the first appeal as of right from a criminal conviction or sentence,[3] the right does not extend to seeking or prosecuting discretionary review beyond that, e.g. from the Michigan Supreme Court, R&R at 41, *see also Halbert v. Michigan*, 545 U.S. 605, 628-29 and n.1 (2005) (citing, *inter alia*, *PA v. Finley*, 481 U.S. 551, 555 (1987)); and (2) therefore, McMurtry could not predicate an ineffective-assistance-of-counsel claim on state appellate counsel's alleged negligence with regard to conveying the Michigan Court of Appeals' decision to him, and provide accurate information, in time for him to seek discretionary review from the Michigan Supreme Court, R&R at 41-42, *see also Coleman v. Thompson*, 501 U.S. 722, 752-53 (citing *Torna*, 455 U.S. 586).

**McMurtry also takes issue with the Magistrate Judge's suggestion that the Michigan**

---

[3]

*See McElwain v. Burt*, 2009 WL 579388, *1 n.1 (W.D. Mich. Mar. 5, 2009) (Paul L. Maloney, C.J.) ("In *Halbert* [*v. Michigan*, 545 U.S. 605 (2005)], the Supreme Court held that indigent criminal defendants, convicted pursuant to plea, who seek to appeal their convictions as of right in the Michigan Court of Appeals must be appointed counsel.").

**Court of Appeals did not commit reversible error by concluding that even excluding Mosby's statement, the other evidence tending to inculpate him was "exceedingly strong."** Petitioner's Objections at 3. McMurtry's objection is unavailing, because he merely argues that

> Gass simply was not a credible witness for several reasons. One important reason was he was implicated in the murder and took a plea deal. He was also on felony charges out of Ingham County. Trial counsel failed to present this to the jury in an effort to show yet another reason why Gass would point the finger at Petitioner.
>
> Also, trial defense counsel did not do an effective job of succinctly setting out the reasons Gass' testimony should have been discredited. This sets forth yet another reason why it was not harmless error to allow in the testimony of Mosby. Had trial counsel only had to deal with the testimony of Gass, he would probably have spent more time discrediting it. However, because the testimony of Mosby was allowed, [trial counsel] had to tailor his trial strategy thereto.  * * *

*Id.* at 3-4. It is not within the purview of a state appellate court – let alone a federal habeas court another step farther removed – to disturb a state jury's verdict merely because the court disagrees with the jury's assessment of a witness's credibility. McMurtry presents no U.S. Supreme Court decision holding that the Michigan Court of Appeals erred by "failing" to vacate the jury verdict on the ground that the jury "should have" found Gass to be not worthy of credence.

Nor has McMurtry shown that the Michigan Court of Appeals contravened a U.S. Supreme Court holding when it "failed" to hold that trial counsel's allegedly deficient performance on this score requires *vacatur* of his convictions for first-degree murder, felony murder, and first-degree home invasion. A successful ineffective-assistance claim requires a showing of "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'", *see Harrison v. Motley*, 478 F.3d 750, 756 (6th Cir. 2007) (Griffin, J.) (quoting *Strickland*, 466 U.S. at 694), i.e., the jury would have acquitted McMurtry on at least one charge. On the evidence presented at trial, as discussed in detail by the Michigan Court of Appeals and the

6

Magistrate Judge, McMurtry has not made this showing – let alone the required AEDPA showing that the Michigan Court of Appeals acted contrary to, or objectively unreasonably applied U.S. Supreme Court precedent by failing to reach that conclusion.

Moreover, McMurtry seems to disclaim any argument that trial counsel's failure in this regard constituted constitutionally ineffective assistance. Instead, he concludes his objections with a conclusory reiteration of his Sixth Amendment Confrontation Clause argument, with no citation to or discussion of U.S. Supreme Court case law. *See* Petitioner's Objections at 4 ("Petitioner does not argue that trial counsel was effective [sic, *in*effective] in this regard, but rather, points out that the admission of Mosby's statement prejudiced every aspect of his trial and caused him to be wrongfully convicted.").

## CERTIFICATE OF APPEALABILITY

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability ("COAs"). *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001))). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a [COA] is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (2008), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)). To satisfy this standard, "the petitioner

must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, – F. App'x –, –, 2009 WL 233283, *1 (6th Cir. Feb. 2, 2009) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

McMurtry does not meet the standard for a COA, because other reasonable jurists would not disagree with the determination that all his habeas claims lack merit and are procedurally defaulted. He has not presented any issues which are "adequate to deserve further review."

**ORDER**

Accordingly, having reviewed the habeas corpus petition and attached exhibits, the opinion of the Michigan Court of Appeals, the R&R, and the petitioner's objections to the R&R:

The petitioner's objections [document # 34] are **OVERRULED**.

The R&R [document # 33] is **ADOPTED**.

The habeas petition [document # 1] is **DISMISSED**.

This case is **TERMINATED** and **CLOSED**.

This is a final order**, but the court declines to issue a certificate of appealability**.

**IT IS SO ORDERED this 3rd day of April 2009.**

                                                /s/ Paul L. Maloney
                                                Honorable Paul L. Maloney
                                                Chief United States District Judge